# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ROBERT RUSSELL RAUCH,** | ) |
| Plaintiff, | ) |
| v. | ) No. 4:05-CV-1990-SNL |
| **UNKNOWN SHAW and SHANNON LAPLANTE,** | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Robert Russell Rauch (registration no.32130038) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a statement from the Jefferson County Jail indicating that he has no account in the computer at this time. Accordingly, the Court will assess an initial partial filing fee of $0.00.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate at the Jefferson County Jail, seeks monetary and declaratory relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Unknown Shaw (doctor) and Shannon Laplante (nurse).

Plaintiff alleges that he was seen by the doctor for a hernia and was told to take care of it himself. He states that his hernia is painful and that nothing is done about it.

**Discussion**

To state a claim for medical mistreatment under § 1983, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Moreover, to state a § 1983 claim, a plaintiff must establish that a person, or persons, acting under color of state law committed actions which form the basis of the complaint. *See, e.g., Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Plaintiff's complaint is legally frivolous as to defendant Laplante because plaintiff has failed to allege any facts as to how defendant Laplante personally violated his federally-protected rights. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir.1990); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Therefore, the Court will dismiss plaintiff's complaint as to defendant Laplante.

Liberally construing plaintiff's complaint, the Court finds that it is possible that plaintiff could prove facts demonstrating that defendant Shaw knew of and deliberately disregarded his need for diagnosis and treatment of the serious medical condition he has alleged. Accordingly, plaintiff's claims regarding the denial of adequate medical care survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will order that defendant Shaw respond to plaintiff's complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.00.

**IT IS FURTHER ORDERED** the Clerk shall issue process or cause process to issue upon the complaint as to defendant Unknown Shaw.

An appropriate order shall accompany this order and memorandum.

Dated this ___19th___ day of December, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE